IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10529
Conference Calendar
_____

WINFRED RAY RANDALL,

                                                Plaintiff-Appellant,

versus

BEN BROWN, Assistant Regional Director;
BRIAN RODEEN, Assistant Warden; JEFFERY
HAYES, Captain; JAMES B. GILHAUS, Captain;
RICHARD DUFFY, Major,

                                                Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-399
- - - - - - - - - -

December 16, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Winfred Ray Randall, Texas prisoner # 549299, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  See 28
U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.  Randall has failed to meet
the requirements of Heck v. Humphrey, 512 U.S. 477, 486-87
(1994), and thus his complaint against the disciplinary officers,
Jeffery Hayes and James Gilhaus, is barred.  See Clarke v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (applying Heck to § 1983 challenges to prison disciplinary proceedings).

Randall's due process contention regarding proper grievance investigation procedures also was correctly dismissed as frivolous.  See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).  Finally, the district court did not err by dismissing Randall's claims based on a theory of respondeat superior.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978).  Randall's appeal is without merit and therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

The district court's dismissal of the present case and this court's dismissal of Randall's appeal count as two "strikes" against him for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Randall had already accumulated one strike in Randall v. Birmingham, No. 2:95cv80 (E.D. Tex. 1995).  Because he now has three strikes under the statute, Randall may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

APPEAL DISMISSED.  5th Cir. 42.2.  SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).